IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARGARET SHAW HENDERSON, )
)
Plaintiff, )
)
v. ) CASE NO. 2:05-CV-00064-WKW
) (WO)
CHRIS INABINETT, et al. )
)
Defendants. )

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss (Doc. # 30) filed by Defendants Chris and Walter Inabinett ("the Inabinetts"), which is due to be GRANTED in part and DENIED in part, and the Motion for Judgment on the Pleadings (Doc. # 43) filed by Defendant City of Florala ("Florala" or "the City"), which is due to be GRANTED for the reasons given below.

**I. FACTS AND PROCEDURAL HISTORY**

Margaret Shaw Henderson brings this suit as administratrix of the estate of her deceased brother, Aaron Shaw. She alleges that on October 28, 2004, Chris Inabinett ("Chris"), a deputy sheriff of Covington County and police officer for, and acting in accord with "the policies and customs" of Florala, Alabama,[1] arrested Mr. Shaw. During the arrest, Chris "brutally and savagely" beat Mr. Shaw without justification. Chris, allegedly a "rogue" and "out-of-control" officer, drove Mr. Shaw to a second location where he again beat Mr. Shaw in front of other officers. Chris drove

---

[1] The amended complaint alleges that Chris and Walter Inabinett "were employed as police officers of the City of Florala and/or deputies of the Sheriff of Covington County." (Doc. # 32, Am. Compl. ¶ 9.) Defendants Chris and Walter Inabinett admit "they were employed as Covington County Sheriff's deputies" on October 28, 2004, (Doc. # 31, Answer ¶ 9), and at some point, "Chris Inabinett was employed by the Florala Police Department." (Doc. # 31, Answer ¶ 4.) The City of Florala "admits that Chris was employed as one of its police officers during a certain period of time that day." (Doc. # 34, Answer ¶ 9.)

Mr. Shaw from the second location to a "remote" location outside the City of Florala where he met his father, Defendant Walter Inabinett ("Walter"). One or both of the Inabinetts,[2] as alleged by Ms. Henderson, shot and killed Mr. Shaw without provocation.

In her amended complaint (Doc. # 32), Ms. Henderson makes several claims in five counts: Count I, a 42 U.S.C. § 1983 claim against Chris for unreasonable force in beating Mr.Shaw, and against Chris and Walter for the shooting and killing of Mr.Shaw; Count II, a § 1983 claim against Chris and Walter for taking punitive action against Aaron Shaw without due process; Count III, assault and battery against Chris and Walter; Count IV, negligence against Chris and Walter; and Count V, municipal liability against Florala for the actions of its agents, Chris and Walter.

## II. DISCUSSION

### *A. The Inabinetts' Motion to Dismiss*

#### 1. Standard

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). The Court must accept all factual allegations as true and view them in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

---

[2] Defendants admit that Walter shot and killed Mr. Shaw. (Doc. # 31, Answer ¶ 20.)

**2. Section 1983 Claims**

In their motion to dismiss, the Inabinetts assert that all claims against them–except the § 1983 claim for use of excessive force in violation of the Fourth Amendment–should be dismissed.

They argue that Ms. Henderson cannot assert a § 1983 claim on the grounds of a Fourteenth Amendment substantive due process violation. They further argue that no claim can be based on a Fifth Amendment due process violation as the Fifth Amendment is applicable only to actions by the federal government. Ms. Henderson concedes these points. Accordingly, to the extent the amended complaint states claims for a Fourteenth Amendment substantive due process violation and a Fifth Amendment due process violation, these claims are due to be dismissed.

The Inabinetts next argue that Ms. Henderson cannot sustain a § 1983 claim for a Fourteenth Amendment procedural due process violation because they have qualified immunity and that such claim is not ripe for adjudication because the state provides adequate post-deprivation remedies. Ms. Henderson merely asserts that the procedural due process claims should remain in the case.

The Court finds that Ms. Henderson cannot sustain a § 1983 claim for a Fourteenth Amendment procedural due process claim for the shooting death of her brother during the course of his arrest. To the extent the amended complaint states such a claim, it is due to be dismissed–not because of qualified immunity or post-deprivation remedies, but rather because procedural due process simply is not implicated here. *See McClary v. O'Hare*, 786 F.2d 83, 87 (2d Cir. 1986). "Procedural due process requires that certain procedures be followed before (or under *Parratt* after) the State can properly take life, liberty, or property." *Id.* (referring to *Parratt v. Taylor*, 451 U.S. 527

(1981).[3] Ms. Henderson alleges that Mr. Shaw had a right to "notice and a hearing before the administration of punitive and unreasonable force." (Doc. # 32, Amend. Compl. ¶ 33.) However, there exists no process or procedure that could have been provided to Mr. Shaw that would have made the intentional deprivation of his life by police officers proper. Although a § 1983 claim based on a procedural due process violation cannot be sustained, Ms. Henderson's claim is properly brought pursuant to § 1983 for excessive use of force in violation of the Fourth Amendment.

**3. State Law Claims**

Ms. Henderson also brings state law claims against the Inabinetts. The Inabinetts argue they are immune from suit on these state law claims due to absolute immunity afforded by the Alabama Constitution and sovereign immunity by the Eleventh Amendment to the United States Constitution. Ms. Henderson counters that defendants are not immune from liability in all instances.

Bound by circuit precedent, the Court finds that the Alabama Constitution immunizes sheriff's deputies from suit. Section 14 of Article I of the Alabama Constitution declares: "That the State of Alabama shall never be made a defendant in any court of law or equity." This section has been interpreted to immunize against suit Sheriffs in the execution of their official duties.[4] *See*

---

[3] In *Parrat*, the Supreme Court held that there is no denial of due process if a plaintiff seeks a post-deprivation remedy for the loss of property as a result of a random and unauthorized act of a government officer and the state provides adequate post-deprivation redress.

[4] Exceptions to this immunity exist if actions are brought:

> (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

*Parker,* 519 So.2d at 443. Whether these exceptions are applicable is not at issue here.

*Parker v. Amerson*, 519 So.2d 442, 442-43 (Ala. 1987). This immunity is extended not only to Sheriffs but also to deputies. *Alexander v. Hatfield*, 652 So.2d 1142, 1144 (Ala. 1994). Furthermore, the Eleventh Circuit Court of Appeals has ruled that Alabama Sheriffs and deputies are immune from suit for all state law claims, including intentional torts, *even when sued in their individual capacity*. *McMillian v. Johnson*, 101 F.3d 1363, 1365 (11th Cir. 1996) (relying on *Tinney v. Shores*, 77 F.3d 378 (11th Cir. 1996)).

The facts recited in the amended complaint create ambiguity as to the employment status of the defendants. It is unclear whether the Inabinetts, during the events at issue, were acting as police officers for the City or as deputy sheriffs for the county. Accepting all factual allegations as true, the Court holds that the state law claims against the Inabinetts, acting as deputy sheriffs during the arrest of Mr. Shaw on October 28, 2004, are due to be dismissed on the grounds of state constitutional immunity.

Because state constitutional immunity is an absolute bar to the state law claims, the Court need not analyze the applicability of Eleventh Amendment sovereign immunity to this case.

Unlike Florala (Doc. # 44, City's Brief, at 5-7), the Inabinetts have not advanced an argument regarding immunity from suit as peace officers under Alabama statutory law. The Court addresses peace officer immunity here because Florala's immunity, discussed *infra*, is dependent on whether its officers are immune from liability. *See Howard v. City of Atmore*, 887 So.2d 201, 211 (Ala. 2003) ("It is well established that, if a municipal peace officer is immune pursuant to § 6-5-338(a), then, pursuant to § 6-5-338(b), the city by which he is employed is also immune."). Accepting all factual allegations as true, the Court must treat both Chris (who admits to being employed by the

Florala Police Department) and Walter (who does not admit employment with the City) as Florala police officers.

Section 6-5-338(a) of the Alabama Code provides peace officers immunity from tort liability for conduct in performance of law enforcement duties in certain instances.[5] The determination of whether a peace officer is entitled to immunity is governed by the restatement of state-agent immunity as set forth in *Ex parte Cranman*. *Ex parte Tuskegee*, __ So.2d __, 2005 WL 3557403, at *6 (Ala. Dec. 30, 2005) (discussing *Ex parte Cranman*, 792 So.2d 392 (Ala. 2000)). A peace officer shall be immune from civil liability when the conduct made the basis of the claim against the officer is based upon the officer's "exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons." *Id.* at *5 (citing *Ex parte Cranman*, 792 So. 2d at 405). An arrest or attempt to arrest involves an exercise of judgment within the meaning of *Cranman*. *Swan v. City of Hueytown*, 920 So.2d 1075, 1079 (Ala. 2005).

---

[5] The statute reads in whole:

> Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.

Ala. Code § 6-5-338(a) (1975).

Applying these principles to the conduct of the Inabinetts, who are alleged to be Florala police officers, the Court concludes that they are entitled to state agent immunity under the peace officer immunity statute. The Inabinetts, as municipal peace officers, are immune from liability for the negligence claim alleged in Count IV; thus, Count IV is due to be dismissed.

Peace officer immunity is not absolute, however. *Ex parte Cranman*, 792 So. 2d at 405 ("[A] State agent shall not be immune from civil liability in his or her personal capacity . . . when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law."). The Court finds that the amended complaint, particularly Count III, sufficiently states facts that if proved would establish that Chris and Walter acted "maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law" during the arrest of Mr. Shaw on October 28, 2004. To the extent that the Inabinetts were acting as Florala police officers, their motion to dismiss Count III of the amended complaint is due to be denied.

### *B. Florala's Motion for Judgment on the Pleadings*[6]

#### 1. <u>Standard</u>

Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). The Court accepts all facts alleged in the complaint as true and views the facts in the light most favorable to the nonmoving party. *Id.*

---

[6] In essence, the motion is one for dismissal for failure to state a claim upon which relief can be granted. It is not improper for this defense to presented in a Rule 12(c) motion. *See* Fed. R. Civ. P. 12(h)(2).

**2. Municipal Liability**

Florala submits that Ms. Henderson's Amended Complaint fails to state a claim against the City upon which relief can be granted and, if a claim is stated, it is entitled to immunity.

Count V of the amended complaint states, in its entirety:

COUNT V – MUNICIPAL LIABILITY (State Law)

> 47. Aaron Shaw was injured as a direct and proximate result of the neglect, unskillfulness, and carelessness of C. Inabinett and W. Inabinett.
>
> 48. Plaintiff herein has been injured and damages as a consequence of the damage to Aaron Shaw.
>
> 49. At all times material hereto, C. Inabinett and W. Inabinett were acting as agents, officers, or employees of the City of Florala.
>
> 50. Pursuant to Alabama statute, the City of Florala is responsible and liable for the conduct of C. Inabinett and W. Inabinett to the limits imposed by law.
>
> 51. The filing of this action constitutes appropriate and proper notice to the City of Florala of the claims asserted herein.

(Doc. # 32, Am. Compl., ¶¶ 47-51). Florala argues that this count does not state an independent cause of action. If a claim is stated, then Florala argues that it has statutory immunity from liability where its peace officers have immunity for negligent acts, *see Howard v. City of Atmore,* 887 So.2d 201, 211 (Ala. 2003) (recognizing that Ala. Code § 6-5-338 extends immunity for acts of negligence to peace officers and the governmental unit that appointed the peace officers), and where its peace officers commit intentional torts, *see Ex parte City of Gadsden*, 718 So.2d 716, 721 (Ala. 1998) (holding that Ala. Code § 11-47-190 "absolves a city from liability for an intentional tort committed by one of its agents").

One might conclude that Count V alleges that Florala is liable for the acts of its officers under a *respondeat superior* theory. However, in response to Florala's motion, Ms. Henderson plainly stated that she "does not make a claim of *respondeat superior*." (Doc. # 46, Pl. Response, at 3). And, she did not further dispute Florala's argument regarding its immunity from state law liability. In its reply brief, Florala contends that Ms. Henderson's silence on this point is thus an indication of her abandonment of the claim against the City. The Court agrees.

In light of Ms. Henderson's denial of *respondeat superior* and abandonment of a state law claim against Florala, as well as Florala's correct assertion that it has statutory immunity from liability, Florala's motion is due to be granted. Accordingly, to the extent the amended complaint asserts a claim against Florala that bases liability on a *respondeat superior* theory or a violation of state law, such claim is due to be dismissed for failure to state a claim.

The real issue here is whether the amended complaint states a § 1983 claim against Florala. Ms. Henderson alleged a § 1983 claim against the Inabinetts and now argues that Florala could be liable under § 1983. She points to language in the amended complaint evidencing her § 1983 claim against Florala; in particular, she makes these allegations:

> 15. C. Inabinett, at all times material hereto, was acting under color of law and pursuant to the policies and customs of the City of Florala.
>
> 16. At the time of the events giving rise to this Complaint, C. Inabinett was a rogue, out-of-control, [*sic*] police officer who should never have been permitted to act as a police officer or have any official contact with the public.

(Doc. # 46, Pl. Response, at 1-2.).

Florala argues that no § 1983 claim has been made and that this Court is not permitted to construe the complaint as making such claim, citing *GJR Investments, Inc. v. County of Escambia*,

132 F.3d 1359, 1369 (11th Cir. 1998) ("[T]he district court went beyond the permissible boundaries of Fed.R.Civ.P. 8, in effect supplying GJR with an equal protection claim when none was evident on the face of the complaint.").

In order to prevail in a § 1983 civil rights action, the plaintiff must show a deprivation of a "federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir.2001). Municipalities and other local government entities are "persons" for § 1983 purposes. *Monell v. Department of Social Servs.,* 436 U.S. 658, 690-91 (1978). Municipalities may not be held liable on a *respondeat superior* theory. *Board of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403 (1997). Section 1983 liability is imposed only when the execution of a municipal policy or custom causes the deprivation of federal rights:

> Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

*Id.* at 403-04 (citations omitted). In addition to identifying conduct properly attributable to the municipality, a § 1983 plaintiff must show that the municipal action was taken with "deliberate indifference" to its known or obvious consequences. *Id.* at 410.

Where a § 1983 claim is asserted against a municipality, only the liberal pleading standards of Rule 8(a)(2) apply. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).[7] The Court is mindful of the Federal Rules' concept of liberalized notice

---

[7] *GJR Investments*, upon which Florala relies, has been criticized for suggesting that a heightened pleading standard is not limited to cases involving qualified immunity. *See Swann v, Southern Health Partners, Inc.*, 388 F.3d 834, 838 (11th Cir. 2004) (" . . . any such suggestion was dicta. *GJR* only address the narrow question of

pleading in that a complaint need contain only a statement calculated to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. "Courts typically allow the pleader an extra modicum of leeway where the information supporting the complainant's case is under the exclusive control of the defendant." *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003) (citation omitted).

As a practical matter, where a § 1983 claim is made against a police officer, the municipality that employs that officer is named as a defendant, and allegations in the complaint condemn the municipality's "policies and customs," then the municipality is on notice of the possibility that it is defending against § 1983 municipal liability.[8] However, as a matter of law, Ms. Henderson's allegations are insufficient to state a claim for municipal liability under § 1983. Although the amended complaint alleges that Chris acted "pursuant to the policies and customs of the City of Florala," this mere reference to a policy or custom is insufficient to state a claim for municipal liability under § 1983. Count V refers to an "Alabama statute," and although it is separate from the statement of the claim, *see* Fed. R. Civ. P. 10, Count V's caption muddies the claim even further by stating "Municipal Liability (State Law)." Moreover, Ms. Henderson fails to allege – as she is required – that Florala acted with deliberate indifference to the consequences of its offending policy or custom. A plaintiff need not allege facts that would identify a particular "policy statement,

---

whether the four individual defendants were improperly denied qualified immunity.").

[8] Florala's argument that the amended complaint should not be construed to state a federal claim because it "believed that it was only defending the state law claim in Count V" is unpersuasive. As stated above, Florala is on notice of the possibility that it is defending against § 1983 municipal liability, especially in light of the Eleventh Circuit's directives under Rule 15 of the Federal Rules of Civil Procedure. *See Jennings v. BIC Corp.,* 181 F.3d 1250, 1258 (11th Cir.1999) (stating that "leave to amend should be liberally granted when necessary in the interest of justice" under Fed.R.Civ.P. 15(a)); *Florida Power & Light Co. v. Allis Chalmers Corp.,* 85 F.3d 1514, 1520 (11th Cir.1996) ( "Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").

ordinance, regulation or decision officially adopted and promulgated" by Florala or a "permanent and well settled" custom of Florala, but one must allege a policy or custom, whatever it may be, that if established would provide the requisite fault on the part of Florala and the causal link between the City's policy and the challenged conduct. *See Monell*, 436 U.S. 658, 690-91.

Notwithstanding these defects, and having duly considered the arguments of the City, the Court shall exercise its discretion to give the plaintiff the opportunity to amend Count V. Although the Court is not required to *sua sponte* grant a plaintiff leave to amend the complaint, *see Wagner v. Daewoo Heavy Indust. America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), the Court is not prohibited from doing so.[9] Therefore, in the interest of justice, the Court shall permit the claim against the City of Florala to be amended.

## III. CONCLUSION

It is ORDERED that:

1. Defendants Chris and Walter Inabinett's Motion to Dismiss (Doc. # 30) is GRANTED in part and DENIED in part;

2. The motion is GRANTED as to Count II (substantive and procedural due process pursuant to the Fifth and Fourteenth Amendments), Count III (assault and battery) to the extent that Chris and Walter Inabinett were acting as deputy sheriffs during the arrest of Mr. Shaw on October 28, 2004, and Count IV (negligence), which are DISMISSED;

---

[9] Amendment need not be permitted (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (internal citations omitted). None of these circumstances exists here. In light of the impending dispositive motions deadline, and considering that this motion has been under submission since before the undersigned took the bench, the Court's *sua sponte* grant of leave to amend is appropriate in fairness to the parties.

3. The motion is DENIED as to Count III to the extent that Chris and Walter Inabinett were acting as police officers for the City of Florala during the arrest of Mr. Shaw on October 28, 2004; and

4. The following claims remain – Count I, a section 1983 claim for excessive force, against Defendants Chris and Walter Inabinett, and Count III, assault and battery, against Defendants Chris and Walter Inabinett acting as police officers for the City of Florala during the arrest of Mr. Shaw on October 28, 2004.

It is further ORDERED that:

1. Defendant City of Florala's Motion for Judgment on the Pleadings (Doc. # 43) is GRANTED;

2. Count V is DISMISSED without prejudice;

3. Ms. Henderson shall have until May 5, 2006, to file a second amended complaint correcting the defects in pleading Count V against the City of Florala as outlined above;

4. In the event Ms. Henderson timely files a second amended complaint, the City of Florala shall have ten days thereafter in which to file a responsive pleading, *see* Fed.R.Civ.P. 15(a); and

5. In the event Ms. Henderson does not file an amended complaint within the time specified by the Court, this case against the City of Florala will be dismissed with prejudice.

DONE this the 27th day of April, 2006.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE